LILES, Acting Chief Judge.
Appellant Robert Evelio Rodriquez was convicted of violating F.S. § 790.01(2), the offense being commonly referred to as carrying a concealed firearm. Prior to December 23, 1970, Rodriquez advised the Tampa Police Department that he had a tip informing him that he would be robbed going in or out of the International Bank to do his daily business. He was informed by the police that they could not protect him and gave him no instructions as to how he could be protected in his banking transactions. The next morning as he entered the bank he took with him a small pistol and proceeded to the bank with it fully disclosed but, on second thought, stuck it in his pocket. Detective Cloud of the Tampa Police Department, having obviously received the information regarding the suspected robbery, met him in the bank and told the appellant he thought he had a pistol in his right front pocket and wanted to pat him down. Appellant suggested they go into the bank president’s office. After they entered and sat down, Detective Cloud grabbed the defendant’s right front pocket and seized the pistol together with the gun clip. Another patrolman, W. A. Williams, testified to the same facts. This all occurred on December 23, 1970.
Following this testimony the State, over objection, then produced testimony from H. B. Maxey of the Tampa Police Department that appellant had committed the same offense on October 16, 1970. However, this time he carried a weapon to his place of business after being informed that a robbery had occurred at his business.
This constitutes the same error the State committed in Davis v. State, 276 So.2d 846 (2d D.C.A.Fla.1973). The State had amply proved that appellant was carrying a concealed weapon, 'however good the reason might have been. The prosecuting attorney then introduced testimony of a similar previous occurrence. This not only is contra to Davis but also violates the Williams Rule. The evidence of the October 16, 1970 occurrence had no relevancy or material bearing on an essential aspect of the offense being tried. The State had proved possession of a concealed weapon by the defendant, and obviously it was attempting to show that this defendant had a habit or a tendency to carry a concealed weapon which, of course, is not relevant to the offense being tried.
While, as noted, appellant may have violated the law in carrying a concealed firearm, and thus was amenable to criminal prosecution therefor, we feel constrained to comment upon the apparent undisputed fact herein that appellant notified the police that he had a tip he was to be robbed. Detective Cloud was apparently at the bank not to protect appellant from robbery but to observe his conduct. There were many things the police could have advised appellant to have done which were lawful. We sympathize with the fact that police cannot offer personal protection to individuals around the clock, but they could have certainly advised the appellant of some action he could have taken, lest the general public come to think that everyone is entitled to assume their own protection by carrying concealed weapons. They are entitled to protection when they know they are about to be robbed or their person harmed.
The judgment should be reversed and the cause remanded for a new trial.
Reversed and remanded.
McNULTY, J., concurs.
HOBSON, J., concurs in conclusion only.